UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. H-18-CR-0130-S1 |
| § | |
| OLUSEYI JEREMIAH OLAGOKE § | |
| ADEBAYO § | |
| a.k.a. § | |
| JEREMIAH ADEBAYO OLUYESI § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Michael Day, Assistant United States Attorney, and the defendant, Oluseyi Jeremiah Olagoke Adebayo, a.k.a. Jeremiah Adebayo Oluyesi ("Defendant"), and Defendant's counsel, K. Omari Fullerton, pursuant to Rule 11(c)(1)(A) and/or 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with Fraud In Connection With Major Disaster in violation of Title 18, United States Code, Section 1040. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

1

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1349, is imprisonment of not more than 30 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of 3 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney

has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to any violations of his conditions of release. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    (b)    Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

3

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is

4

pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s)."

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United

5

States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

>   (a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

>   (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Beginning in or about October 2017, and continuing through in or about February 2018, in the Southern District of Texas and elsewhere, the defendant, **OLUSEYI JEREMIAH OLAGOKE ADEBAYO a.k.a. JEREMIAH ADEBAYO OLUYESI**, did knowingly falsify, conceal or cover up by trick, scheme or device one or more material facts in connection with benefits authorized, transported, transmitted, transferred, disbursed or paid in connection with a major disaster declaration under section 401 of the Stafford Act, to wit: the defendant attempted and/or aided and abetted others in the attempt to obtain a Disaster Home Loan from the SBA under a false identity for a property he did not own, possess, or have a legal interest in, for the purpose of receiving fraudulent disbursements from the SBA with regard to a major disaster, specifically Hurricane Irma.

It was part of the scheme to defraud that:

(a.) On or about October 9, 2017, an individual claiming to be **JOHN MARK CROSSMAN** submitted an application to the SBA for a Disaster Home Loan for Hurricane Irma using the personal identifying information including, but not limited to, the name, address, date of birth, and social security number of **CROSSMAN** for property damage located at 4412 Anson Ln, Orlando, FL 32814. The filed electronic loan application, for a loan in the amount of $118,900.00, had several potential fraud indicators.

(b) On or about October 19, 2017, an individual claiming to be **CROSSMAN**

8

called the SBA to inquire about the status of his application. SBA told the individual that if the loan was approved, he would be sent closing documents. The individual said he would complete and return the closing documents and then call to confirm their receipt.

(c.) On or about November 16 or 17, 2017, an individual claiming to be **CROSSMAN** called the SBA to inquire about the status of his application. SBA advised that the loan had been approved, and the individual claiming to be CROSSMAN requested that the loan closing documents be sent to a different address than the damaged property address. Specifically, the individual requested the documents be sent to:

15255 Gray Ridge Dr., Apt. 915
Houston, TX 77082

(d.) On or about January 26, 2018, the SBA received the closing documents via the United States Mail. The envelope in which the loan closing documents were mailed was reviewed and found to contain the following return address:

Angela Crossman
15255 Gray Ridge Drive #915
Houston, TX 77082

(e.) On or about January 31, 2018, the individual claiming to be **CROSSMAN** contacted the SBA to confirm receipt of the loan closing documents, including a copy of a Florida Driver's License in the name of **JOHN MARK CROSSMAN,** certifying that the loan information was true and correct, purportedly signed by **CROSSMAN** and **ANGELA CROSSMAN.**

(f.) An individual claiming to be **CROSSMAN** contacted the SBA and requested that loan disbursements be sent to the address of 15255 Gray Ridge Dr., Apt. 915, Houston, TX 77082. An SBA representative told the individual claiming to be **CROSSMAN** that the individual would have to show ID and sign for the certified letter.

(g.) Agents for the SBA contacted the true **CROSSMAN** who confirmed that he did not apply for the above-referenced loan and did not give anyone authorization to utilize his personal identifying information to apply for the referenced loan.

(h.) On or about February 6, 2018, law enforcement officers attempted to conduct a controlled delivery of a fake loan disbursement check at the address of 15255 Gray Ridge Dr., Apt. 915, Houston, TX 77085. The current occupant of that apartment refused delivery of the check.

9

(i.) On or about February 6, 2018, an individual claiming to be **CROSSMAN** contacted the SBA to inquire about delivery of the loan disbursement check. SBA advised the individual that delivery had been attempted but was refused. The individual claiming to be **CROSSMAN** requested that delivery be re-attempted the following day.

(j.) On or about February 7, 2018, a law enforcement officer, posing as a U.S. Letter Carrier, contacted the individual claiming to be **CROSSMAN** via telephone regarding delivery of the loan disbursement check. The individual claiming to be **CROSSMAN** advised that there was nobody present at the residence to sign for delivery of the check, and requested that the check be made available for pick up at the local Post Office.

(k.) On or about February 7, 2018, the **DEFENDANT** appeared at the U.S. Post Office located at 12655 Whittington Drive, Houston, Texas 77077. The **DEFENDANT** approached a U.S. Postal Service employee. The **DEFENDANT** identified himself as **CROSSMAN** and presented a South African passport bearing the name of **CROSSMAN**, but the image of the **DEFENDANT**, as identification. The U.S. Postal Service employee delivered the loan disbursement check to the **DEFENDANT**, who signed for the check as **CROSSMAN**.

(l.) The **DEFENDANT** was found to be in possession of the above-described counterfeit South African passport, which was further found to contain a counterfeit U.S. Visa in the name of **CROSSMAN**.

(m.) The **DEFENDANT** was a former leaseholder at the address of 15255 Gray Ridge Dr., Apt. 915, Houston, TX 77085.

All in violation of Title 18, United States Code, Sections 1040(a)(1) and 2.

**Breach of Plea Agreement**

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the

10

Court to set aside the guilty plea and reinstate prosecution. If Defendant breaches the plea agreement, any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

27. This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___May 22___, 20_18_

_____
Defendant

Subscribed and sworn to before me on ___May 22___, 20_18_

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____      _____
Assistant United States Attorney              Attorney for Defendant
Southern District of Texas

Telephone: (713) 567-9378
Facsimile: (713) 718-3304

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. H-18-CR-0130-S1 |
| OLUSEYI JEREMIAH OLAGOKE ADEBAYO a.k.a. JEREMIAH ADEBAYO OLUYESI | § § § § § | |

## PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _5/22/2018_____
Attorney for Defendant                                    Date

    I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement

13

with my attorney.  I understand this agreement and I voluntarily agree to its terms.

_____          _____5/22/2018_____
Defendant                                                                    Date

14